**KAZEROUNI LAW GROUP, APC**
Ross Schmierer, Esq.
3000 Atrium Way, Suite 200
Mt. Laurel, New Jersey 08054
(866) 774-9004
ross@kazlg.com

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq.
(*pro hac vice* application forthcoming)
21031 Ventura Blvd, Suite 340
Woodland Hills, California 91364
(323) 306-4234
tfriedman@toddflaw.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUHI REIMER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br> v. <br><br> REX DIRECT NET, INC. d/b/a DENTAL SERVICES US; FUTUREDONTICS, LLC d/b/a 1-800-DENTIST; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT AND JURY DEMAND** <br><br> **PUTATIVE CLASS ACTION** |

Plaintiff, Ruhi Reimer ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.      Plaintiff brings this action individually and others similarly situated

seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Rex Direct Net, Inc. ("Rex Direct"), and Futuredontics, LLC ("Futuredontics"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), and the Virginia Telephone Privacy Protection Act, *Va.. Code §59.1-510 et seq.* ("VATPPA"), thereby invading Plaintiff' privacy.

## JURISDICTION & VENUE

2.      Jurisdiction is proper under *28 U.S.C. § 1331* because this action arises under a Federal statute, namely the Telephone Consumer Protection Act, 47 U.S.C. § 277, *et seq*.

3.       Venue is proper in the United States District Court for the District of New Jersey pursuant to *18 U.S.C. 1391(b)* because a substantial portion of the events giving rise to this Complaint occurred in this judicial district.

## PARTIES

4.      Plaintiff, Ruhi Reimer ("Plaintiff"), was at all times relevant to this action a natural person residing at 21630 Goodwin Ct., Ashburn, VA 20148. Plaintiff is a "person" as defined by *47 U.S.C. § 153 (39)*.

5.      Defendant, REX DIRECT NET, INC. ("Rex Direct"), is a marketing agency with its principal place of business located at 100 Springdale Rd., A3 #253, Cherry Hill, NJ 08003.  Defendant is a "person" as defined by *47 U.S.C. § 153 (39)*.

Additionally, Defendant is a "telephone solicitor" as defined by *Va. Code § 59.1-510*.

6.    Defendant, FUTUREDONTICS, LLC ("Futuredontics"), is a marketing agency with its principal place of business located at 11209 National Boulevard, Suite 409, Los Angeles, California 90064.  Defendant is a "person" as defined by *47 U.S.C. § 153 (39)*. Additionally, Defendant is a "telephone solicitor" as defined by *Va. Code § 59.1-510*.

7.    Defendants Rex Direct and Futuredontics will hereinafter be collectively referred to as Defendants.

8.    The above-named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

9.    Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or

employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made in concert by Defendants, or known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

10.     Rex Direct is a marketing agency that places automated telephone calls using a prerecorded voice, in an effort to solicit customers for Futuredontics.

11.     When a consumer, such as Plaintiff, answers a call from Rex Direct, they are greeted with a prerecorded message that instructs them to press 1 on their phone's number pad to speak with an agent. When they follow this instruction, Rex Direct then transfers the call to Futuredontics.

12.     Beginning on or around February 8, 2022, Defendants contacted Plaintiff on his cellular telephone, number ending in -3122, in an effort to sell or solicit their services.

13.     Defendants called Plaintiff at 11:35 a.m. on or around February 8, 2022, from phone number 989-264-1026.

14.     On or around February 9, 2022 at 2:09 p.m., Defendants placed another call to Plaintiff's cellular telephone from the same number. Plaintiff answered the phone and was greeted with a prerecorded message that said:

> Hi, you've reached Dental Services. We assist you with finding a local dentist that meets your needs. This matching service is free. To speak with a specialist about getting an appointment, press 1. Press 9 to be added to our do-not-call list.

15.     Defendants called again on or around February 9, 2022, at 7:17 p.m.

16.     On or around February 10, 2022, at 3:08 p.m., Defendants called Plaintiff a *fourth* time from the same number. Plaintiff answered this call, and pressed 1 to speak with an agent.

17.     Plaintiff was live transferred to Futuredotnics, and had a nine-minute conversation with Futuredontics's representative.

18.     During this conversation, Plaintiff attempted to identify the name of the company that was calling him. Futuredontics's agent would only identify the company as "1-800-Dentist." Additionally, at no time during this conversation did Futuredontics's representative identify their own full name.

19.      Defendants' calls were made for the purpose of soliciting Defendants' marketing and dental referral services.

20.     Plaintiff was not a customer of Defendants', and did not have any prior business relationship with Defendants. As such, Defendants did not have Plaintiff's prior express consent to place solicitation calls using an artificial or prerecorded voice.

21.     Plaintiff's telephone number ending in -3122 has been registered on the

National Do-Not-Call List since 2008.

22.     Despite this, Defendants continued to call Plaintiff in an attempt to solicit its services and in violation of the Do-Not-Call provisions of the TCPA, thus repeatedly violating Plaintiff's privacy.

23.     Based off the pattern and content of the calls, Plaintiff alleges that Defendants did not have in place procedures for not calling individuals on the national Do-Not-Call List for telemarketing purposes in violation of *47 U.S.C. § 227(c)*, which incorporates the provisions of *47 C.F.R. 64.1200(d)*.

24.     Additionally, in at least one of the calls placed to Plaintiff's cellular phone, Defendants utilized an "artificial or prerecorded voice" as prohibited by *47 U.S.C. § 227(b)(1)(A)*.

25.     Through this action, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

## CLASS ALLEGATIONS

26.     Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed Do-Not-Call class (hereafter "The DNC Class") defined as follows:

> All persons within the United States whose telephone numbers were listed on the National Do-Not-Call List, but who received calls by or on behalf of Defendants for the purpose of promoting the sale of Defendants' products or services within the four years prior to the filing of this

Complaint.

27.    Plaintiff represents, and is a member of, The DNC Class.

28.    Defendants, their employees and agents are excluded from The DNC Class.  Plaintiff does not know the number of members in The DNC Class, but believes the Class members number in the thousands, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

29.    Plaintiff also represents, and is a member of, the proposed Prerecorded Voice Class ("the Prerecorded Class"), consisting of:

> All persons within the United States who received any telephone calls from Defendants to said person's cellular telephone made through the use of any artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint.

30.    Additionally, Plaintiff represents, and is a member of, the proposed Virginia Class ("the VA Class,"), consisting of:

> All persons within the State of Virginia who received text messages or phone calls from or on behalf of Defendants, for the purpose of offering or advertising the sale of Defendants' products or services within the four years prior to the filing of this Complaint.

31.    Plaintiff also represents, and is a member of, the proposed Virginia Do-Not-Call Subclass ("the VA DNC Subclass", and together with the VA Class, the

Prerecorded Class, and the DNC Class "The Classes"), consisting of:

> All persons within the State of Virginia whose telephone
> numbers were listed on the National Do-Not-Call List, but
> who received calls by or on behalf of Defendants for the
> purpose of offering or advertising the sale of Defendants'
> products or services within the four years prior to the filing
> of this Complaint.

32.     The Classes are so numerous that the individual joinder of all of its

members is impractical.  While the exact number and identities of members of The

Classes are unknown to Plaintiff at this time and can only be ascertained through

appropriate discovery, Plaintiff is informed and believe and thereon allege that The

Classes includes thousands of members.  Plaintiff alleges that members of The

Classes may be ascertained by the records maintained by Defendants.

33.     Plaintiff and members of The Classes were harmed by the acts of

Defendants in at least the following ways: Defendants illegally contacted Plaintiff

and members of The Classes via their cellular telephones thereby causing Plaintiff

and members of The Classes to incur certain charges or reduced telephone time for

which Plaintiff and members of The Classes had previously paid by having to

retrieve or administer messages left by Defendants during those illegal calls, and

invading the privacy of said Plaintiff and members of The Classes.

34.     Common questions of fact and law exist as to all members of The

Classes which predominate over any questions affecting only individual members

of The Classes.  These common legal and factual questions, which do not vary between members of The Classes, and which may be determined without reference to the individual circumstances of any members of The Classes, include, but are not limited to, the following:

        a.      Whether Defendants failed to maintain adequate procedures to comply with the National Do-Not-Call List and placed calls to individuals registered on the National Do-Not-Call List for whom they had no prior business relationship;

        b.      Whether Defendants failed to comply with the requirements placed on telephone solicitors by the VATPPA;

        c.      Whether Defendants utilized an artificial or prerecorded voice in placing calls to Plaintiff and Prerecorded Class Members;

        d.      Whether Plaintiff and members of the Classes were damaged thereby, and the extent of damages for such violation; and

        e.      Whether Defendants should be enjoined from engaging in such conduct in the future.

34.    As a person that received numerous calls from Defendants in violation of the Do-Not-Call provisions of the TCPA, and utilizing an artificial or prerecorded voice, Plaintiff is asserting claims that are typical of The Classes.

35.    Plaintiff will fairly and adequately protect the interests of the members

of The Classes.  Plaintiff has retained attorneys experienced in the prosecution of class actions.

36.    A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every member of The Classes could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each member of The Classes.

37.    The prosecution of separate actions by individual members of The Classes would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other members of The Classes not parties to such adjudications or that would substantially impair or impede the ability of such non-party members of The Classes to protect their interests.

38.    Defendants have acted or refused to act in respects generally applicable to The Classes, thereby making appropriate final and injunctive relief with regard to

the members of The Classes as a whole.

## FIRST CAUSE OF ACTION
### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227(c)
*Individually and on behalf of the DNC Class*

39.    Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

40.    The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*.

41.    As a result of Defendants' negligent violations of *47 U.S.C. § 227(c)*, Plaintiff and the DNC Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)*.

42.    Plaintiff and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227(c)
*Individually and on behalf of the DNC Class*

43.    Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

44.    The foregoing acts and omissions of Defendants constitute numerous

and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*.

45.    As a result of Defendants' knowing and/or willful violations of *47 U.S.C. § 227(c)*, Plaintiff and the DNC Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)*.

46.    Plaintiff and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### THIRD CAUSE OF ACTION
**Negligent Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227(b)**
*Individually and on behalf of the Prerecorded Class*

47.    Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

48.    The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. §227(b)*

49.    As a result of Defendants' negligent violations of *47 U.S.C. §227(b)*, Plaintiff and members of the Prerecorded Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)*.

50.    Plaintiff and Prerecorded Class Members are entitled to and seek injunctive relief prohibiting such conduct in the future.

### FOURTH CAUSE OF ACTION
**Willful Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227(b)**
*Individually and on behalf of the Prerecorded Class*

51.    Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

52.    The foregoing acts and omissions of Defendants constitute numerous and multiple willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. §227(b)*

53.    As a result of Defendants' negligent violations of *47 U.S.C. §227(b)*, Plaintiff and members of the Prerecorded Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B).*

54.    Plaintiff and Prerecorded Class Members are entitled to and seek injunctive relief prohibiting such conduct in the future.

### FIFTH CAUSE OF ACTION
**Negligent Violations of the Virginia Telephone Privacy Protection Act**
**Va. Code § 59.1-512**
*Individually and on behalf of the VA Class*

55.    Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

56.    Va. Code § 59.1-512 provides that:

A telephone solicitor who makes a telephone solicitation
call shall identify himself by his first and last names and the
name of the person on whose behalf the telephone
solicitation call is being made promptly upon making
contact with the called person.

57.    Defendants' calls to Plaintiff and members of the VA Class did not
identify the person placing the call by first and last name, and did not properly
identify the name of the person on whose behalf the call was being made.

58.    By failing to make the proper identification as required by Va. Code §
59.1-512, Defendants have negligently violated the VATPPA.

59.    As a result of Defendants' negligent violations of Va. Code §59.1-512,
Plaintiff and the VA Class members are entitled to an award of $500.00 in statutory
damages for the first violation, an award of $1,000.00 in statutory damages for the
second violation, and an award of $5,000.00 for each subsequent violation, pursuant
to Va. Code §591.1-515(A).

## SIXTH CAUSE OF ACTION
### Willful Violations of the Virginia Telephone Privacy Protection Act
### Va. Code § 59.1-512
*Individually and on behalf of the VA Class*

60.    Plaintiff re-alleges and incorporates by reference each preceding
paragraph as though fully set forth herein.

61.    *Va. Code § 59.1-512 provides that:*

Class Action Complaint -14

> A telephone solicitor who makes a telephone solicitation
> call shall identify himself by his first and last names and the
> name of the person on whose behalf the telephone
> solicitation call is being made promptly upon making
> contact with the called person.

62.     Defendants' phone calls to Plaintiff and members of the VA Class did

not identify the person placing the text message by first and last name, and did not

properly identify the name of the person on whose behalf the call was being made.

63.     By failing to make the proper identification as required by *Va. Code §*

*59.1-512,* Defendants have willfully violated the VATPPA.

64.     As a result of Defendants' willful violations of *Va. Code §59.1-512*,

Plaintiff and the VA Class members are entitled to an award of $5,000.00 in

statutory damages for each and every violation, pursuant to Va. Code §591.1-

515(B).

**SEVENTH CAUSE OF ACTION**
**Negligent Violations of the Virginia Telephone Privacy Protection Act**
**Va. Code § 59.1-514**
*Individually and on behalf of the VA DNC Subclass*

65.     Plaintiff re-alleges and incorporates by reference each preceding

paragraph as though fully set forth herein.

66.     Va. Code § 59.1-514(B) provides that:

> No telephone solicitor shall initiate, or cause to be initiated,
> a telephone solicitation call to a telephone number on the
> National Do Not Call Registry maintained by the federal

Class Action Complaint -15

government pursuant to the Telemarketing Sales Rule, 16
C.F.R. Part 310, and 47 C.F.R. § 64.1200.

67.     By contacting Plaintiff and members of the VA DNC subclass,

Defendants negligently violated the Virginia Telephone Privacy Protection Act.

68.     As a result of Defendants' negligent violations of Va. Code §59.1-

514, Plaintiff and the VA Class members are entitled to an award of $500.00 in

statutory damages for the first violation, an award of $1,000.00 in statutory

damages for the second violation, and an award of $5,000.00 for each subsequent

violation, pursuant to Va. Code §591.1-515(A).

## EIGHTH CAUSE OF ACTION
### Willful Violations of the Virginia Telephone Privacy Protection Act
### Va. Code § 59.1-514
*Individually and on behalf of the VA DNC Subclass*

69.     Plaintiff re-alleges and incorporates by reference each preceding

paragraph as though fully set forth herein.

70.     *Va. Code § 59.1-514(B)* provides that:

> No telephone solicitor shall initiate, or cause to be initiated,
> a telephone solicitation call to a telephone number on the
> National Do Not Call Registry maintained by the federal
> government pursuant to the Telemarketing Sales Rule, 16
> C.F.R. Part 310, and 47 C.F.R. § 64.1200.

71.     By contacting Plaintiff and members of the VA DNC subclass,

Defendants willfully violated the Virginia Telephone Privacy Protection Act.

72.     As a result of Defendants' willful violations of *Va. Code §59.1-514*,

Plaintiff and the VA DNC subclass members are entitled to an award of $5,000.00 in statutory damages for each and every violation, pursuant to *Va. Code §591.1-515(B)*.

## JURY DEMAND

Plaintiff and the Class demand a jury trial on all issues so triable.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, respectfully request the following relief:

a.    An order certifying this matter as a class action with Plaintiff as Class Representative, and designating Plaintiff's counsel as Class Counsel.

b.    On the First Count, an award of actual or statutory damages for each and every negligent violation to Plaintiff and each member of the DNC Class pursuant to 47 U.S.C. § 227(b)(3)(B) and injunctive relief prohibiting Defendant's conduct complained of herein, pursuant to 47 U.S.C. § 227(b)(3)(A);

c.    On the Second Count, an award trebling the actual or statutory damages for each and every knowing and/or willful violation to Plaintiff and each member of the DNC Class pursuant to 47 U.S.C § 227(b)(3)(B); and injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

d.    On the Third Count, an award an award of actual or statutory damages for each and every negligent violation to Plaintiff and each member of the

Prerecorded Class pursuant to 47 U.S.C. § 227(b)(3)(B) and injunctive relief prohibiting Defendant's conduct complained of herein, pursuant to 47 U.S.C. § 227(b)(3)(A);

e.      On the Fourth Count, an award trebling the actual or statutory damages for each and every knowing and/or willful violation to Plaintiff and each member of the Prerecorded Class pursuant to 47 U.S.C § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

f.      On the Fifth Count, an award of $500.00 in statutory damages for the first violation, an award of $1,000.00 in statutory damages for the second violation to Plaintiff and each member of the VA Class pursuant to Va. Code §59.1-512, and an award of $5,000.00 for each subsequent violation, pursuant to Va. Code §591.1-515(A), along with reasonable attorney fees and court costs pursuant to Va. Code § 591-515(C);

g.      On the Sixth Count, an award of up to $5,000 for each and every willful violation Va. Code § 59.1-512 to Plaintiff and the VA Class members pursuant to Va. Code § 591-515(B), along with reasonable attorney fees and court costs pursuant to Va. Code § 591-515(C);

h.      On the Seventh Count, an award of $500.00 in statutory damages for the first violation, an award of $1,000.00 in statutory damages for the second violation, and an award of $5,000.00 for each subsequent violation to Plaintiff and each member of the VA Class as a result of Defendants' negligent violations of Va. Code §59.1-514, pursuant to Va. Code §591.1-515(A), along with reasonable attorney fees and court costs pursuant to Va. Code § 591-515(C);

i.      On the Eighth Count, an award of up to $5,000 for each and every willful violation of Va. Code § 59.1-514 to Plaintiff and the VA DNC Subclass, pursuant to Va. Code § 591-515(B), along with reasonable attorney fees and court costs pursuant to Va. Code § 591-515(C);

j.      Costs of suit;

k.      Reasonable attorneys' fees pursuant to, *inter alia*, the common fund doctrine;

l.      Reasonable attorney fees and court costs pursuant to Va. Code § 591-515(C)

m.      Pre-judgment and post-judgment interest on monetary relief; and

n.      All other and further relief as the Court deems necessary, just, and proper.

Dated: November 10, 2022

                                    **KAZEROUNI LAW GROUP A.P.C.**

                          By:    *Ross H. Schmierer, Esq.*
                                 Ross H. Schmierer, Esq.
                                 3000 Atrium Way, Suite 200
                                 Mount Laurel, New Jersey 08054
                                 (732) 588-8688
                                 ross@kazlg.com

                                 **LAW OFFICES OF**
                                 **TODD M. FRIEDMAN, P.C.**
                                 Todd M. Friedman, Esq.
                                 (*pro hac vice* application forthcoming)
                                 21031 Ventura Blvd, Suite 340
                                 Woodland Hills, California 91364
                                 (323) 306-4234
                                 tfriedman@toddflaw.com

**CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

I certify that, to the best of my knowledge, this matter is not the subject of any
other action pending in any court or of any pending arbitration or administrative
proceeding.

Dated: November 10, 2022

                          By:    *s/ Ross H. Schmierer*
                                 Ross H. Schmierer, Esq.
                                 3000 Atrium Way, Suite 200
                                 Mount Laurel, New Jersey 08054
                                 (T): (856) 259-4800
                                 ross@kazlg.com
                                 *Attorneys for Plaintiff*

Class Action Complaint -20